STATE OF MAINE LUMBER CO. et al. v. KINGFIELD CO et al.

(District Court, D. Connecticut. May 27, 1914.)

No. 1408.

INJUNCTION (§ 163*)—RESTRAINING ORDER—DISSOLUTION.

Facts *held* to require a dissolution of a temporary injunction on affidavits presented by defendant; complainants having relied on the bill and affidavits attached thereto, without having presented any additional evidence, and the truth of the allegations having been fully denied by the answering affidavits

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371; Dec. Dig. § 163.*]

In Equity. Suit by the State of Maine Lumber Company and others against the Kingfield Company and others. On motion to dissolve certain restraining orders. Motion denied as to the restraining order against the Maine Land & Lumber Company, and granted as to defendant Kingfield Company.

Perkins, Wells & Scott, of Hartford, Conn., for complainants.
Hugh M. Alcorn, R. W. Thompson, and Francis H. Parker, all of Hartford, Conn., for defendants.

THOMAS, District Judge. On March 23, 1914, a double restraining order was issued by this court, the first enjoining the Maine Land & Lumber Company, and its officers and directors from taking any steps toward the dissolution of said corporation, and from filing any certificate of dissolution with relation to said corporation, or causing or bringing about the final dissolution of said corporation in any other method, or doing anything to terminate or affect its present corporate existence. The second enjoined the Kingfield Company and certain individuals as officers and directors of said company from passing any votes, executing any mortgages or conveyances, or doing anything in any way to mortgage, incumber, or convey said timber land or cause any of the timber on said land to be cut or removed therefrom.

On the 14th of April, 1914, the Kingfield Company and Herbert S. Wing, one of the directors of said company, filed a motion to dissolve the temporary injunction issued on March 23, 1914, and said motion was heard on May 5, 1914. At the hearing it was agreed by counsel that the order restraining the Maine Land & Lumber Company from filing its final certificate of dissolution might stand until the final deter-

mination of the suit. The sole question, then, is whether the temporary order restraining the Kingfield Company should stand or be dissolved. Upon the hearing the complainants offered no testimony, but relied entirely upon the affidavits of two of the complainants and the affidavit of the State of Maine Lumber Company, by Samuel D. Viets, its vice president, which are attached to the original bill. The respondents offered evidence tending to deny the truth of the allegations of the bill as pertinent to the present inquiry. For the purpose of determining the point in issue, I have taken the affidavits above mentioned as sufficient to establish a prima facie case.

From the evidence offered by the respondents, however, I find that the complainants have failed to show that the facts as alleged by them are true; it appearing in evidence and uncontradicted that the complainants Viets and Bancroft had, on the 6th of December, 1913, notified Joseph P. Tuttle in person, one of the respondents, and the one who had carried on nearly all of the negotiations, that they had been unable to raise the money with which to save the property then under foreclosure, the time of redemption expiring on December 10, 1913, all of which was well known to the complainants. It was upon the strength of their inability to carry out the terms of their contract that the said Tuttle was forced to take some immediate steps to save the property to the stockholders of the Maine Land & Lumber Company, which saving involved the immediate raising of $43,184 from the time Viets notified Tuttle on the 6th of December to the 10th of December, the law day fixed in the decree of foreclosure. Said Tuttle was unable to raise said $43,184, and upon his arrival in Maine undertook to make satisfactory arrangements with the holders of the mortgage to pay $25,000, at the same time securing an extension of time for the payment of the balance. In this he was unsuccessful. The money which was raised for the purpose of saving the property was raised by Tuttle from those who afterwards became the incorporators of the Kingfield Company, of which Herbert S. Wing, of Kingfield, Me., was one; he having contributed, at the earnest solicitation of Mr. Tuttle, $10,000, one-half of which was subsequently transferred to one Dr. Simmons, of Kingfield, Me. On the strength of this evidence it seems to me that the Kingfield Company and Herbert S. Wing are entitled to have the temporary injunction restraining them as set forth in the order dissolved.

Nor does it sufficiently appear that the complainants have no adequate remedy at law. On the contrary, if the complainants are able to sustain their contention upon the trial of the case upon its merits, they have, it seems to me, as long as the temporary restraining order as to the Maine Land & Lumber Company is in force, a remedy at law for the recovery of any damages that they may be able to prove.

I find the testimony given by Joseph P. Tuttle sufficient to overcome a prima facie case made out by the affidavits of the complainants upon which the restraining order was issued. The complainants had the advantage of cross-examining Joseph P. Tuttle, and the respondents did not have the advantage of cross-examining the complainants, either at the time the order was signed or upon the hearing to dissolve the tem-

porary injunction; nor does the bill allege that irreparable damage would result to the complainants in the event that the respondents should either carry out or attempt to carry out any of the acts sought to be enjoined and appearing in the restraining order and affecting the Kingfield Company.

For the purpose of the present inquiry it does not appear to the court that it is necessary to pass upon the question of whether Mr. Tuttle acted as attorney, as set out in the bill; but in view of his testimony with reference to what took place, it seems to me that the weight of evidence tends strongly to favor the contention that he did not act as attorney for the complainants Viets and Bancroft during the negotiations as alleged in the bill.

Restraining the Maine Land & Lumber Company from final dissolution will protect the interest of the complainants.

The motion to dissolve the temporary injunction is therefore denied as to the first order, that is, the order restraining the Maine Land & Lumber Company, its officers, directors, and stockholders, from taking any further steps toward the final dissolution of said corporation, and from filing any final certificate of dissolution with relation to said corporation, or causing or bringing about the final dissolution of said corporation in any other method, or doing anything to terminate or effect its present corporate existence, until the final determination of this suit, or until further order of this court; and the motion to dissolve the injunction restraining the Kingfield Company, its officers, directors, stockholders, agents, and employés, from passing any votes, executing any mortgages or conveyances, or doing anything in any way to mortgage, incumber, or convey the said timber land, or cause any of the timber now on said land to be cut or removed therefrom, until the final determination of this suit, or until further order of this court, is granted.

Let an order be entered accordingly.